SAMKEL, INC. ET AL., APPELLEES, *v.* CREASY, DIR., ET AL., APPELLANTS.

[Cite as Samkel, Inc. *v.* Creasy (1983), 7 Ohio St. 3d 17.]

(No. 82-1663—Decided November 9, 1983.)

*Messrs. Brownfield, Bowen & Bally* and *Mr. John W. E. Bowen,* for appellees.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Ms. Sheila P. Cooley,* for appellants.

HOLMES, J. The precise issue presented by this appeal is whether the Director of Public Welfare has, by way of R.C. Chapter 5104 or R.C. 5101.02, been granted the authority to promulgate and adopt rules with respect to licensing and regulating full-time proprietary child day care centers. The court of appeals found that rulemaking was not within the director's statutory authority as it relates to such day care centers. For the reasons stated below, we affirm.

Initially, appellants contend that the authority of the director to issue administrative rules interpreting and enforcing the provisions of R.C. Chapter 5104 is implicit within the extensive duties the General Assembly has imposed upon him. Appellants state that the failure to recognize such implicit authority within R.C. Chapter 5104 would render portions of the statute meaningless and seriously hinder the administration's licensing function. Therefore, appellants argue that to provide validity to the statute the General Assembly has implicitly delegated rulemaking authority to the director for all types of child day care centers.

A precise reading of the statutory provisions leads this court to hold that an implicit delegation of such claimed rulemaking authority was not intended by the General Assembly, which has established guidelines in R.C. Chapter 5104 to insure compliance with licensing requirements for all child day care centers.[1] In addition, the General Assembly utilized narrow language when providing the director with any type of authority within the provisions.

Specifically, R.C. 5104.04 grants the Director of Public Welfare authority to prescribe only the manner of licensing, and authority to issue orders to insure compliance with the statute. This section does not supply the director with authority to establish standards for compliance as a condition to licensing. R.C. 5104.061 provides the director with rulemaking authority for part-time child day care centers, but does not refer to full-time centers. In addi-

---

[1] The relevant sections of R.C. Chapter 5104 provide as follows:

"The director of public welfare shall establish procedures to be followed in inspecting and licensing child day-care centers. * * *

"The director may issue orders to secure compliance with Chapter 5104 of the Revised Code. * * *" R.C. 5104.04.

"The director of public welfare shall, adopt rules prescribing minimum standards for part-time child day-care centers which shall constitute requirements for licensure under this chapter." R.C. 5104.061.

"The director of public welfare may prescribe requirements for licensing tax-supported or community-supported child day-care centers in addition to those included in Chapter 5104 of the Revised Code which are not in conflict with such chapter. The director shall develop standards as required by federal laws and regulations for day-care programs supported by federal funds. * * *" R.C. 5104.07.

tion, R.C. 5104.07 allows the director to provide requirements for tax-supported or community-supported centers and mandates the promulgation of administrative standards for federally funded centers. However, the section is not applicable to full-time proprietary child day care centers.

The rulemaking authority that appellants seek is simply not specifically present, nor can it be implied, within the provisions of R.C. Chapter 5104. In light of the specific wording of the statute, had the General Assembly intended to include rulemaking authority for full-time proprietary child day care centers, we believe it would have so enacted it.

Finally, appellants contend that the rulemaking authority for the Director of Public Welfare is contained within the general provisions of R.C. 5101.02. This section states, in pertinent part:

"The director of public welfare is the executive head of the department of public welfare. All duties conferred on the various divisions and institutions of the department by law or by order of the director shall be performed under such rules and regulations as he prescribes, and shall be under his control."

Appellants' argument is without merit due to the relationship of R.C. 5101.02 and R.C. Chapter 5104. R.C. 5101.02 was adopted by the General Assembly prior to R.C. Chapter 5104. Thus, if R.C. 5101.02 provides broad rulemaking authority as appellants contend, the specific provisions of R.C. Chapter 5104 would not have been necessary. Once again, the narrow language contained in R.C. Chapter 5104 clearly indicates the legislative intent to limit the director's rulemaking authority to the specific child day care centers mentioned therein.

We hold, therefore, that the Director of Public Welfare does not possess rulemaking authority within R.C. Chapter 5104 and R.C. 5101.02 for the promulgation of administrative rules to license and regulate full-time proprietary child day care centers.[2]

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

---

[2] Due to our holding, we need not address the issue of whether the prescribed administrative rules exceed the scope of R.C. Chapter 5104.